IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12-cr-232-MHT |
| MARDEDEUS MACK | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Mardedeus Mack's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for May 20, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity or the defendant." § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mack in a speedy trial.

2

Defense counsel represents that Mack was evaluated by Dr. Adriana Flores, a clinical psychologist, on February 26, 2013.  Based on Dr. Flores's evaluation, Mack is being transferred to a Federal Medical Center for mental-health treatment and a competency determination.  The Bureau of Prisons has not yet designated the Federal Medical Center to which Mack will move.  After the designation is made, it will be at least another two weeks before Mack arrives at the Medical Center and can meet with a staff psychiatrist for his competency evaluation.  The psychiatrist's report will not available until early April, at the earliest.  Because this report is critical to the determination of Mack's competency to stand trial, the court will continue Mack's trial until such time as the competency report is completed.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Mardedeus Mack's motion for continuance (doc. no. 34) is granted.

(2) The jury selection and trial, now set for May 20, 2013, are continued generally.

DONE, this the 7th day of March, 2013.

                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**