IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr232-MHT |
| | ) | (WO) |
| MARDEDEUS MACK | ) | |
| | ) | |
| | ) | |

OPINION AND ORDER

This criminal cause is now before the court on the question of whether defendant Mardedeus Mack has the mental capacity to stand trial. Specifically, the question is whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a). Based on the evidence presented in the record and at the competency hearing on September 3, 2013, the court concludes that <u>at this time</u> Mack lacks the mental capacity to stand trial.

## I. Background

Mack is charged in a five-count indictment with possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 21 U.S.C. § 844(a); and possessing a firearm and ammunition as a convicted felon, in violation of §§ 18 U.S.C 922(g)(1) and 924(e)(1).  Because of concerns about his mental-health and his difficulties communicating with counsel, both defense counsel and the magistrate judge requested a mental-health evaluation of Mack.

Two psychologists, Dr. Manuel E. Gutierrez and Dr. David C. Ghostley, examined Mack, filed reports on their examinations, and testified before the court at the September 3 competency hearing.  Both psychologists acknowledge Mack's significant mental health history, his ongoing battle against depression, and his history of

attempting suicide, including an attempt to hang himself while in prison. Gutierrez and Ghostley also agree that, while Mack does not suffer from severe mental retardation, his I.Q. places him in the range of borderline intellectual functioning, or moderate mental retardation.  The two psychologists disagree, however, in their conclusion as to Mack's competency for trial.  In particular, Gutierrez finds Mack competent to stand trial based on, according to Gutierrez, his malingered psychotic state and his general understanding of courtroom proceedings.  Ghostley, on the other hand, believes that trial will exacerbate Mack's paranoia and psychotic hallucinations, rendering him incompetent.

## II. Dr. Gutierrez's Findings

On March 12, 2013, Mack was admitted to the Federal Correctional Institution in Butner, North Carolina, where he was observed and evaluated by Dr. Gutierrez and other prison officials over the course of two-and-a-half

3

months.  During the course of his evaluation, Gutierrez conducted several tests including the Kaufman Brief Intelligence Test (KBIT), the Validity Indicator Profile Nonverbal Subtest (VIP), and two tests designed to measure malingering of mental illness.

Based on these tests, Gutierrez finds that Mack is malingering the psychotic symptoms he reports. He relies on Mack's score of 40 on the KBIT intellectual functioning test, despite his ability to function at a level closer to 60.  The fact that Mack scored about two standard deviations lower than his actual, observed level of functioning led Gutierrez to question Mack's efforts on all psychological tests.  Gutierrez also points to Mack's response score of "suppressed" on the VIP, which suggests that Mack likely made a strong effort to answer questions incorrectly. While he acknowledges Mack's reporting of hallucinations and delusions, his conclusion is that Mack's descriptions are inconsistent with the normal course of psychotic disorders.  Based on this observation and the other test results, Gutierrez

concludes that Mack is devoid of psychotic behavior that could interfere with his competency at trial.

### III. Dr. Ghostley's Findings

Dr. Ghostley, however, disagrees with this conclusion. Based on a two-hour interview with Mack, as well as a review of Gutierrez's report and Mack's entire medical record, Ghostley believes that Mack's reports of auditory hallucinations and his obvious paranoid behavior are authentic and genuine. Ghostley described Mack as significantly distracted during the clinical interview, including responding to internal stimuli and as demonstrating nervous, paranoid behavior consistent with general psychosis or schizophrenia. He also emphasized Mack's slow thought process, which he considers indicative of both low-level intellectual functioning and psychotic behavior. Although Ghostley acknowledges that it is possible for a low-level functioning individual to maligner psychotic behavior, he believes that it is highly unlikely that Mack has the intellectual ability to

5

malinger psychotic behavior consistently, convincingly, and intentionally, especially by outsmarting psychological tests.

Based on his observations of Mack during the clinical interview, Ghostley believes that Mack's hallucinations and paranoia are likely to increase under stress and make it difficult for him to make decisions and communicate with his attorney.  According to Ghostley, the regiment of medicine Mack received at Butner, along with his relative comfort with the prison staff and population, may have contributed to temporary stability. Exposure to stress and any perception of threat, however, causes Mack to decompensate and exhibit the paranoid and psychotic symptoms observed by Ghostley in his assessment and, signficantly, by defense counsel through the course of representation.  Ghostley believes that, despite Mack's rudimentary understanding of the courtroom, his low-level intellectual ability along with his stress-induced paranoia and psychotic behavior render him incompetent for the rigors of trial.

6

IV. Discussion

The court acknowledges that this is a difficult case because there is conflicting expert testimony as to the specific question of Mack's psychotic behavior and the ultimate question of mental competency. While the court recognizes that Gutierrez spent a significantly longer time observing Mack than Ghostley, it is nonetheless struck by the likelihood that Mack has deteriorated between the time of Gutierrez's evaluation and the one conducted by Ghostley. The court is convinced that two factors may be the cause: First and obviously, there is the stress of the impending actual trial and the threatening circumstances that have attended the preparation for trial. Second, while counsel could not confirm one way or the other, the court is concerned whether, after Mack's return, the local prison staff has continued to provide the required strict regiment of medication for Mack. Thus, the court finds that Mack is currently suffering from a mental disease or defect such that he is unable to understand the nature and

7

consequences of the proceedings against him or to assist properly in his defense.

The court will therefore require that Mack be hospitalized for further treatment in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit his trial to proceed.  The court will further require that, upon his return to the local jail in this district, government and defense counsel are to set up an immediate on-the-record meeting with the court, Dr. Ghostley, and U.S. Marshal for this district so that arrangements can be made to assure that Mack will receive the required strict regiment of medication and thus that his mental state will not deteriorate again.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Mardedus Mack is declared mentally incompetent to stand trial in this cause and is

8

recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C.A. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C.A. § 4241(d)(1), hospitalize defendant Mack for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future defendant Mack will attain the capacity to permit his trial to proceed.

(3) Upon defendant Mack's return to the local jail in this district, government and defense counsel are to set up an immediate on-the-record meeting with the court, Dr. David C. Ghostley, and the U.S. Marshal for this district so that arrangements can be made to assure that defendant Mack will receive the required strict regiment of medication and thus that his mental state will not deteriorate again.

DONE, this the 12th day of September, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE