IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr232-MHT |
| | ) | (WO) |
| MARDEDEUS MACK | ) | |

CORRECTED OPINION AND ORDER

This criminal cause is now before the court on the question of whether--in light of the court's earlier determination that defendant Mardedeus Mack is mentally incompetent to stand trial and in light of the fact that the federal Bureau of Prisons (BOP) has already been given four months to conduct an in-custody determination of whether Mack can be restored to competency, United States v. Mack, 2013 WL 4874138 (M.D. Ala. 2013)--the BOP should be given an additional 120 days for an in-custody determination of his restorability.

Based on the evidence presented in the record and at an evidentiary hearing on May 13, 2014, the court finds that the record already adequately reflects that Mack cannot be restored to mental competency and that, as a

result, the BOP's request for additional time to make an in-custody determination should be denied. However, the court further finds that Mack should be recommitted for a different in-custody evaluation, this one (1) to determine whether his release would create a substantial risk of bodily injury to another person or serious damage to property of another and (2) for a recommendation, regardless as to the determination, of what action the court should take in light of that determination.

## I. Procedural Background

Mack is charged in a five-count indictment with possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 21 U.S.C. § 844(a); and possessing a firearm and ammunition as a convicted felon, in violation of 18

U.S.C. §§ 922(g)(1) and 924(e)(1).  Because of concerns about his mental health and his difficulties communicating with counsel, both defense counsel and the magistrate judge requested a mental-health evaluation of Mack, and the court committed Mack to the custody of the Attorney General for such an evaluation.

Based on two conflicting psychiatric reports, including one done after his in-custody evaluation, and based on testimony at a court hearing on September 3, 2013, the court concluded that Mack suffered from a mental disease or defect such that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  United States v. Mack, 2013 WL 4874138 (M.D. Ala. 2013).  The court also ordered Mack hospitalized for additional in-custody treatment for a period of time not to exceed four months so that the BOP could determine whether there is a substantial probability that in the foreseeable future

3

he will attain mental capacity to permit his trial to proceed.  Id.; 18 U.S.C. § 4241(d)(1).

The BOP has now filed a new psychiatric evaluation of Mack confirming his continued incompetency, but nevertheless requesting an additional 120 days to make a final in-custody determination of whether he is restorable as required under § 4241(d)(1).


## II. Discussion

18 U.S.C. § 4241(d)(1) requires the court to determine whether "there is a substantial probability that in the foreseeable future [Mack] will attain the capacity" for trial to go forward.  According to the most recently filed evaluation by the BOP, Mack suffers from, among other things, an "intellectual disability." BOP Forensic Evaluation (Doc. No. 60).  An individual with this disability has deficits in intellectual and adaptive functioning in all areas of learning and interaction, including conceptual, social, and practical.  See Diagnostic and Statistical Manual of Mental Disorders XX,

4

(5th ed. 2013).  Mack has likely suffered from this disability since he was young.  According to the BOP evaluation, his poor academic achievement in school and limited formal education further exacerbated his ability to learn new intellectual concepts.

As a part of its most recent examination, the BOP also administered a Competence Assessment for Standing Trial test, also known as a CAST-MR test, which is used to assess an individual's specific competency level for trial.  Mack's performance on one portion of the test revealed a score below the average score of individuals found to be mentally retarded under the test but who are nevertheless still competent to stand trial. Other testing confirmed that Mack's level of intellectual disability makes him incompetent for trial.  He did not demonstrate basic knowledge of the legal proceedings against him or an understanding of court-related matters. In particular, he did not understand the elements of the charges against him and the trial process, and he had significant difficulties in generating the level of

5

analysis and decision making required for assisting counsel in his defense.

Despite Mack's significant intellectual disability and the fact that he is unable to understand the proceedings against him since charges were initiated, the BOP requests an additional 120 days to conduct more tests to make a final determination regarding his restorability. According to testimony at the May 13 hearing, the BOP psychiatric team cannot reach a definitive conclusion because Mack has been uncooperative and unwilling to submit to the additional testing the BOP usually administers before making its final determination.

However, based on the nature of Mack's intellectual disability, his past history, and the psychiatric evaluations already filed in this case, the court finds that the evidence is already adequate to conclude that there is not a substantial probability that Mack can be restored to mental competency in the foreseeable future. The nature of Mack's mental impairment makes it more

6

unlikely that he will recover, for he suffers from mental retardation, not mental illness, and he has likely suffered from this disability since a young age.  These circumstances make it unlikely that, even with additional testing or better cooperation from him, treatment will make him competent. See <u>United States v. Scarver</u>, 2013 WL 6009543 at *1 (M.D. Ala. 2013) (Thompson, J.) ("The concept of 'recovery' from mental retardation is problematic, at best. 'Intellectual impairment at the level that constitutes mental retardation is not "curable" or "changeable" in the ordinary sense of those terms.'") (quoting <u>United States v. Cockrell</u>, 1997 WL 1876542 at *6 (M.D. Ala. 1997) (Walker, M.J.) (internal citations omitted)).

Moreover, counsel for both the government and Mack agree that there is not a substantial probability that Mack can be restored to mental competency in the foreseeable future, and thus they see no need for the BOP's request for another 120 days.

Accordingly, the court finds that there is not a substantial probability that Mack will be restored to mental competency in the foreseeable future. Furthermore, in light of this finding, the court will deny the BOP's request for an additional 120 days to determine restorability.

The court will, however, recommit Mack to the custody of the Attorney General, albeit this time for a determination of whether he suffers from a mental disease or defect "as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," 18 U.S.C. § 4246(a), and for a recommendation of what action the court should take in light of that determination, whatever it is.

***

Accordingly, it is ORDERED as follows:

8

(1) It is DECLARED that there is not a substantial probability that defendant Mardedeus Mack will attain the mental capacity to permit trial to go forward in the foreseeable future.

(2) The request of the Bureau of Prisons for an additional 120 days to determine defendant Mack's restorability to mental competency (Doc. No. 60) is denied.

(3) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d), again hospitalize defendant Mack for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary (a) for the director of the facility in which defendant Mack is hospitalized to determine, pursuant to 18 U.S.C. § 4246(a), whether defendant Mack is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another and (b) for a recommendation from that director,

9

regardless as to the determination, of what action the court should take in light of that determination.

(4) The medical personnel supervising defendant Mack's treatment shall produce a brief status report every 30 days summarizing defendant Mack's condition, progress, and course of treatment.

(5) Said status report, as well as any additional or final reports on defendant Mack's medical or psychological condition, shall be disclosed to defense counsel and the United States Attorney and filed with this court under seal.

DONE, this the 20th day of May, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE