IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
     v.                      )        2:12cr232-MHT
                             )           (WO)
MARDEDEUS MACK               )

OPINION AND ORDER

This criminal cause is before the court on the
question whether defendant Mardedeus Mack should be
conditionally released.  On September 12, 2013, this
court determined that Mack was mentally incompetent to
stand trial.  United States v. Mack, No. 2:12cr232-MHT,
2013 WL 4874138 (M.D. Ala. Sept. 12, 2013).  On May 20,
2014, after a hearing, the court declared that there
was not a substantial probability that Mack could be
restored to mental competency in the foreseeable
future.  United States v. Mack, No. 2:12cr232-MHT, 2014
WL 2109860 (M.D. Ala. May 20, 2014).  The court then
ordered an evaluation by medical professionals at the
Federal Bureau of Prisons, whose task was to determine

whether Mack's release would create a substantial risk of bodily injury to another person or serious damage to property of another.  For the reasons explained below, the court finds that Mack's conditional release would not pose such a risk, and that Mack should be released subject to certain conditions.

### A.

On November 14, 2014, the court held a hearing pursuant to the provisions of 18 U.S.C. §§ 4246 and 4247(d) to determine whether Mack's release would create a substantial risk of bodily injury to another person or serious damage to property of another due to present mental disease or defect, as well as, if not, which release conditions might reduce any chance of problems.  At the hearing, the court heard from Mack's counsel and the government's counsel, who both summarized the conditions of release to which the parties had agreed.  Those conditions included the following: a six-month period of electronic monitoring;

substance abuse, mental-health, and vocational classes; compliance with medication; and a restriction on the use of alcohol, among other conditions. The court then heard from Dr. Carlton Pyant, Staff Psychologist in the Mental Health Department of the Federal Medical Center in Butner, North Carolina. Dr. Pyant approved of the release conditions set out by counsel. He noted that educational programs are integral to Mack's well-being and that Mack needs substance-abuse treatment. Both of these recommendations are incorporated into the conditions for Mack's release.

### B.

Prior to the hearing, the court also reviewed Dr. Pyant's written psychiatric evaluation, as well as the accompanying letter from Kenny Atkinson, Complex Warden at the Butner facility. The evaluation states that the fact that Mack has a social and economic support system, combined with Dr. Pyant's professional opinion that Mack's mental condition does not lead to increased

aggression, leads Dr. Pyant to the view that Mack does not pose a substantial risk of bodily injury to another person or serious damage to property of another due to present mental disease or defect.   The evaluation also noted that Mack's 'Antisocial Personality Disorder' diagnosis does not by itself raise concern that Mack poses such a risk.   In light of these considerations, the evaluation made the following finding:

> "The prediction of dangerousness is difficult, however after reviewing clinical data and conducting interviews, the panel and treatment team members opine Mr. Mack does not suffer from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of others."

Forensic Psychiatric Evaluation (doc. no. 73, p. 8).

After considering the representations made on the record by Mack's counsel, the government's counsel, and Dr. Pyant, as well as the psychiatric evaluation and accompanying recommendations by Dr. Pyant and officials at the Bureau of Prisons, the court believes that a conditional release is appropriate here.   The court has

**4**

also considered the possibility of an unconditional release, but the court believes that, in light of Mack's current mental-health status, an unconditional release would not sufficiently reduce the risk of bodily injury to another person or serious damage to property of another.  Mack has a history of violence. According to the records referred to in his psychiatric evaluation, he had significant behavioral problems in school.  He often got into fights, cursed at and was disrespectful to teachers, and left the classroom without permission, among other things.  Mack has also been convicted of two counts of first-degree robbery, a violent crime.  Mack had trouble adjusting to the environment at the Butner facility.  He was transferred to a restricted movement housing unit for a few weeks. However, his condition and behavior improved over time. Based on these considerations, the court believes Mack would pose less of a risk if his release were conditioned on compliance with the conditions outlined above.

C.

The court will, therefore, order the immediate release of Mack but only under the conditions outlined in this opinion and order.

However, because Mack's conditional release is indefinite, the court will hold periodic reviews on two issues: (1) whether the conditions for his release should be terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this court.


***

Accordingly, it is ORDERED and DECLARED defendant Mardedeus Mack's conditional release would not create a substantial risk of bodily injury to another person or serious damage to property of another.

It is further ORDERED that defendant Mack shall be immediately released pursuant to 18 U.S.C. § 4246(e) and subject to the following conditions:

6

(1) Defendant Mack shall reside at the home of Edna Mack, defendant Mack's grandmother, at 1309 Bragg Street, Montgomery, Alabama, 36108.

(2) He shall report to the probation officer in a manner and frequency directed by the court or probation officer.

(3) Defendant Mack shall not leave the judicial district without the permission of the court or probation officer.

(4) Defendant Mack shall participate in the Location Monitoring Program and shall comply with the conditions of home detention, which will be monitored by an Active Global Positioning Satellite Monitoring system (including hybrid GPS). He shall wear and/or carry (a) location monitoring device(s) and follow the monitoring procedures specified by the U.S. Probation Office.

(5) He shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.

(6) He shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

(7) Defendant Mack shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(8) Defendant Mack shall provide the probation officer access to any requested financial information.

(9) Defendant Mack shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

(10) Defendant Mack shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

8

(11) Defendant Mack shall continue his current medication regimen until instructed otherwise by a qualified medical or mental-health professional. If and when he is instructed to alter his medication regimen, he is to comply with the new regimen.

(12) He shall participate in a mental-health assessment conducted by Dr. Karl Kirkland, Kirkland and King, Clinical and Forensic Psychologists, P.C., 1520 Mulberry Street, Montgomery, Alabama 36106, on Monday, January 5, 2015, at 11:00 a.m. Defendant Mack shall participate in a mental-health treatment (psychiatric and/or psychological) program, as directed by the U.S. Probation Office, based upon the needs assessed by, and the recommendation of, Dr. Kirkland. During the treatment process, the goals of treatment should also include: vocational training, anger and stress management, medication compliance, communication skills and

overall emotional wellness. Upon completion of the above-stated mental-health evaluation, the findings of Dr. Karl Kirkland shall be forwarded to the Montgomery Area Mental Health Authority, in Montgomery, Alabama, and an intake assessment shall be scheduled to evaluate and assess the need for any different or additional prescribed medication. If a need for same is determined, the defendant shall take all medication(s) as prescribed by mental health and medical professionals as directed. Also, defendant Mack shall attend any and all follow-up appointments required for maintenance of prescribed medication as scheduled by, and through, the Montgomery Area Mental Health Authority, and as directed by the U.S. Probation Office.

(13) Defendant Mack shall participate in a substance-abuse assessment at Chemical Addictions Program (CAP), Inc., 1153 Air Base Boulevard, Montgomery, Alabama 36108, on Tuesday, January 6, 2015, at

8:30 a.m. Following said assessment, he shall participate in the intensive outpatient program (IOP) at CAP, as directed by the U.S. Probation Office and the program's coordinator, for a period of not less than 30 weeks and/or Phases I through III of said program. Specifically, as part of IOP, he shall attend, participate in, and satisfactorily complete the following: (A) Phase I (six weeks)--attendance and participation three days per week, 9 a.m. to 12 noon, and individual counseling at least once biweekly; (B) Phase II (12 weeks)--attendance and participation three days per week, 9 a.m. to 12 noon, for the first six weeks and two days per week, 9 a.m. to 12 noon for the last six weeks, with specific work on outside relationships; and, (C) Phase III (12 weeks)--attendance and participation one day a week, 9 a.m. to 12 noon, with specific work on understanding maintenance and the importance of attending support groups post-treatment. He

11

will be subject to random drug testing administered by CAP personnel and/or the U.S. Probation Office, and may be placed on a color-code system for drug testing as directed by the U.S. Probation Office.  If he tests positive for the use of illegal substances while participating in treatment, he will not be promoted to the next level according to schedule, may be moved back a phase, and/or may be required to attend additional individual sessions.  It is also noted that the time frame for attendance is subject to change according to program adjustments.  If said occurs, he shall participate on the days of the week and during the time frames as instructed by the program coordinator and the U.S. Probation Office.

(14) Defendant Mack shall not use or possess any alcoholic beverages and he should not enter any establishments where the primary source of revenue is the sale of alcoholic beverages

12

(liquor stores, bars, taverns, etc.).  He shall
be subject to remote alcohol monitoring if his
probation officer determines that such monitoring
is needed.  The probation office is authorized to
use any technology to monitor the defendant's
compliance with his alcohol restriction.

(15) While on conditional release, he shall not commit
another federal, state or local crime.  He shall
not illegally possess a controlled substance.  To
that end, he shall not purchase, possess, use,
distribute, or administer any controlled
substance or any paraphernalia related to any
controlled substances, except as prescribed by a
physician.

(16) Defendant Mack shall not frequent places where
controlled substances are illegally sold, used,
distributed, or administered.

(17) He shall not associate with any persons engaged
in criminal activity or associate with a criminal
street gang (i.e. Bloods, Crips, DGD's, etc.),

and shall not associate with any person convicted
of a felony unless granted permission to do so by
the probation officer.

(18) Defendant Mack shall not possess a firearm,
destructive device or other dangerous weapons.

(19) He shall support his dependents and meet other
family responsibilities.

It is further ORDERED that, because defendant
Mack's conditional release is indefinite, the court
will hold periodic reviews on the following two issues:
(1) whether the conditions for his release should be
terminated and he should be unconditionally released;
and (2) whether the conditions for his release should
be modified and subjected to a later review by this
court.

DONE, this the 8th day of December, 2014.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE