IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITE STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr232-MHT |
| | ) | (WO) |
| MARDEDEUS MACK | ) | |

ORDER

Before the court is defendant Mardedeus Mack's motion to modify conditions of conditional discharge (doc. no. 90).  After finding that Mack was not competent to stand trial; that there was not a substantial probability that Mack could be restored to mental competency in the foreseeable future; and that he did not pose a substantial risk of bodily injury to another person or serious damage to the property of another, the court released Mack subject to a set of conditions pursuant to 18 U.S.C. § 4246(e) (doc. no. 86). On February 24, 2015, the court held an on-the-record conference call with Mack's counsel, counsel for the government, and a representative from

the United States Probation Office to discuss Mack's motion.  Based upon the representations made during the call, the court finds that Mack's conditions of release are due to be modified.

As part of the conditional release, the court ordered that Mack reside with his grandmother, Edna Mack, at 1309 Bragg Street, Montgomery, AL 36108.  However, Mack's counsel and the United States Probation Officer represent that the environment in the home is not well suited for Mack.  Specifically, they state that the relationship between Mack and another occupant of the home has deteriorated to the point that it is no longer in Mack's best interest to reside there.  For that reason, the court concludes that Mack should be permitted to reside in a different home approved by a representative of the United States Probation Office.

In the original release order, the court also ordered that Mack comply with a detailed, outpatient, substance-abuse treatment regimen.  This regimen included participation in an intensive outpatient

program at Chemical Addictions Program, which involved attendance three days per week and individual counseling at least once biweekly.  However, Mack represents that he has difficulty complying with this portion of the order because he cannot secure transportation.  For that reason, the court concludes that Mack's substance-abuse treatment regimen should be modified in a manner to be established by the United States Probation Office.

* * *

Accordingly, it is ORDERED that defendant Mardedeus Mack's motion to modify conditions of conditional discharge (doc. no. 90) is granted and that the order setting out defendant Mardedeus Mack's conditions of release (doc. no. 86) is modified as follows:

(1) Defendant Mack is permitted to reside at a suitable residence approved by a representative of the United States Probation Office.

(2) Defendant Mack no longer must comply with substance-abuse treatment regimen requirement

that he attend Chemical Addictions Program three times per week and individual counseling at least once biweekly.  Instead, defendant Mack is to continue his substance-abuse treatment through a regimen established and approved by the United States Probation Office.

It is further ORDERED that all other conditions of release shall remain in effect.

DONE, this the 9th day of March, 2015.

                                          /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**