IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA,   )
                            )
            v.              )       2:12cr232-MHT
                            )            (WO)
MARDEDEUS MACK              )
                            )
```

OPINION AND ORDER

This court is again presented with the question whether defendant Mardedeus Mack should be continued on conditional release. For the reasons below, the court holds that his conditional release should be continued.

I. Background

In 2012, Mack was charged in a five-count federal indictment with possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 21 U.S.C. § 844(a); and

possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Based upon medical evidence that Mack has borderline intellectual functioning, or moderate mental retardation, and, at that time, suffered from auditory hallucinations and paranoid behavior consistent with general psychosis or schizophrenia, this court found that he had a significant intellectual disability and was not competent to stand trial. United States v. Mack, 2013 WL 4874138, at *3 (M.D. Ala. Sept. 12, 2013) (Thompson, J.); United States v. Mack, 2014 WL 2109860, at *2 (M.D. Ala. May 20, 2014) (Thompson, J.). The court later found that there was not a substantial probability that he could be restored to competency. Id. at *3. After the Federal Bureau of Prisons determined he was not a danger to others, the court authorized his conditional release subject to standard, as well as other, conditions of release. United States v. Mack, 2014 WL 6965409, at *2 (M.D. Ala. Dec. 8, 2014) (Thompson, J.). The court further ordered that, because Mack's conditional release

is indefinite, it would hold periodic reviews on the following two issues: (1) whether the conditions for his release should be terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this court. Id. at *4.

In March 2016, just before one of the periodic reviews, this court learned that Mack had been arrested for a state domestic-violence charge. Mack, who was under not only conditional release in this court but parole in the state-court system, pled guilty to domestic violence at a state parole hearing. The Alabama Board of Pardons and Paroles reserved ruling on whether to revoke his parole.

In response to the actions of the Alabama Board of Pardons and Paroles, this court stated that, if the state board would agree not to revoke Mack's parole despite his violation, this court would impose more intensive conditions of release. This court informed the state board that, despite the domestic-violence violation and

his intellectual disability hindering his ability to make sound decisions, Mack had made substantial progress while under this court's supervision and that his recent noncompliance with conditions of release was due to factors--such as alcohol consumption and the negative influence from his mother and sister--that this court could address with more intensive supervision.  The court concluded that, with more intensive supervision, Mack "is likely to continue to make progress towards complying with societal expectations and being productive in society."  United States v. Mack, 2016 WL 2902335 (M.D. Ala. May  18, 2016)  (Thompson, J.).   His incarceration would be in neither his nor society's best interest.  The state board released Mack on June 29, 2016, and this court officially imposed additional, more intensive conditions on Mack on June 30, 2016.

## II. October 2016 Periodic Review

The court scheduled another periodic review for October 14, 2016.  Probation and the government

recommended terminating conditional release. Probation cited "significant progress" made by Mack since the last status conference, Probation's Status Update (doc. no. 129): Mack is attending biweekly treatment at the Chilton-Shelby Mental Health Center and is taking his medication as prescribed by his physician; Mack and his wife obtained their own residence in Jemison, Alabama and moved out of the home of his wife's grandmother in August 2016; he plans to obtain part-time employment and enroll in a GED program; he is managing his Social Security disability benefits without assistance of his mother; and he has not incurred any new arrests or had any other contacts with law-enforcement officials. Probation further stated that the supervising officer was able to make all home contacts without incident.

The government stated that it believes that Mack has reached the limits of the benefits of being under the court's supervision, and recommended that his case be dismissed without prejudice. The government argued that, since Mack is still under the supervision of the Alabama

Board of Pardons and Paroles, he will still have a "great incentive to stay on the straight and narrow path," Status Update (doc. no. 128).

Mack's counsel, however, objected to the termination of his conditional release. He asserted that Mack has been able to stay out of trouble only because of the supervision that the court has provided so far. Counsel also suggested that the State will not be able to provide the level of supervision that this court's federal probation officers have provided. Defense counsel, therefore, made the unusual request that his client's conditional release be continued.

The court believes that, without this court's direct intervention and assurances to the state parole board of its willingness to put Mack under more intensive federal supervision, it is likely the State would have revoked his parole as a result of his domestic-violence charge. Furthermore, as defense counsel points out, if supervision by this court had terminated in 2015 at the

6

parties' request, Mack probably would not have made the progress that he has made since then.

Given that Mack has been under more intensive supervised release for only four months and that, as defense counsel has observed, Mack has a history of relapsing into alcohol abuse and refusing to take medication, the court finds it premature to terminate his conditional release at this time.  Indeed, termination after only a brief period of intense supervision could be viewed as a breach of the promise this court made to the State.

* * *

Accordingly, it is ORDERED that defendant Mardedeus Mack shall remain subject to his current conditions of release.

DONE, this the 18th day of October, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**