IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:12cr232-MHT |
| | ) | (WO) |
| MARDEDEUS MACK | ) | |

**ORDER**

This court is again presented with the question whether defendant Mardedeus Mack should be continued on conditional release. For the reasons below, the court will order that his conditional release be continued.

**I. Background**

In 2012, Mack was charged in a five-count federal indictment with possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 21 U.S.C. § 844(a); and possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Based upon medical evidence that Mack has borderline intellectual functioning, or moderate mental retardation, and, at that time, suffered from auditory hallucinations and paranoid behavior consistent with general psychosis or schizophrenia, this court found that he had a mental disease or defect that rendered him not competent to stand trial. *United States v. Mack*, No. 2:14cr232, 2013 WL 4874138, at *3 (M.D. Ala. Sept. 12, 2013) (Thompson, J.). The court later found that there was not a substantial probability that he could be restored to competency. *United States v. Mack*, No. 2:14cr232, 2014 WL 2109860, at *3 (M.D. Ala. May 20, 2014) (Thompson, J.).

After the Federal Bureau of Prisons determined he was not a danger to others, the court authorized his conditional release subject to standard, as well as other, conditions of release. *United States v. Mack*, No. 2:12cr232, 2014 WL 6965409, at *2 (M.D. Ala. Dec. 8, 2014) (Thompson, J.). The court further ordered that, because his conditional release is indefinite, it would hold

periodic reviews on the following two issues: (1) whether the conditions for his release should be terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this court. *Id*. at *4.

## II. October 12 Status Conference

The question now before the court is whether Mack should be continued on conditional release. The court held a status conference on October 12, 2017, and evidence presented to the court demonstrated Mack is doing well: he is reunited with his wife; maintains part-time employment; and continues to attend mental-health and substance-abuse treatment.

However, the court was disturbed to learn that Mack is not reliably taking his medication. Prior to August 2017, he was prescribed Haldol, and received an injection once a month. Due to negative side effects of the Haldol, he was prescribed Depakote, which he must take daily. Mack said that, because the Depakote pill is large, it

is hard to swallow and that the medicine makes him sleepy. But most concernedly, he stated that, because he is currently stable, he believes (incorrectly) that he no longer needs his medication and has not taken it for two weeks or more.

* * *

Because the court finds that defendant Mardedeus Mack is not reliably taking his medication, it is ORDERED that:

(1) Defendant Mack shall remain subject to his current conditions of release.

(2) Another status conference is set for January 19, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama to determine (A) whether defendant Mack has resumed taking his medication and (B) whether he can be trusted to continue taking his medication as prescribed, as well as (C) whether the conditions for his release should be terminated and he should

4

be unconditionally release and (D) whether the conditions for his release should be modified.

(3) The probation office, the government, and defense counsel are to submit status reports to the court by January 16, 2018.

DONE, this the 13th day of October, 2017.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**