IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:12cr232-MHT |
| | ) | (WO) |
| MARDEDEUS MACK | ) | |

OPINION AND ORDER

This court is again presented with the question whether defendant Mardedeus Mack should be continued on conditional release. For the reasons below, the court will order that his conditional release be terminated and that he be released and discharged unconditionally.

I. Background

In 2012, Mack was charged in a five-count federal indictment with possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); possessing marijuana, in violation of 21 U.S.C. § 844(a); and possessing a firearm and

ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Based upon medical evidence that Mack has borderline intellectual functioning, or moderate mental retardation, and, at that time, suffered from auditory hallucinations and paranoid behavior consistent with general psychosis or schizophrenia, this court, in 2013, found that he had a mental disease or defect that rendered him not competent to stand trial. *See United States v. Mack*, No. 2:14cr232, 2013 WL 4874138, at *3 (M.D. Ala. Sept. 12, 2013) (Thompson, J.). The court later, in 2014, found that there was not a substantial probability that he could be restored to competency. *See United States v. Mack*, No. 2:14cr232, 2014 WL 2109860, at *3 (M.D. Ala. May 20, 2014) (Thompson, J.).

After finding Mack not restorable, the court held a hearing pursuant to 18 U.S.C. §§ 4246 and 4247(d) to determine whether releasing him would create a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental diseases or defect. Based on the evidence presented, which included a

determination by the physicians at the Federal Bureau of Prisons that he was not a danger to others, the court, in 2014, authorized his conditional release subject to standard, as well as other conditions of release. *See United States v. Mack*, No. 2:12cr232, 2014 WL 6965409, at *2 (M.D. Ala. Dec. 8, 2014) (Thompson, J.). The court further ordered that, because his conditional release is indefinite, it would hold reviews, approximately every six months, on two issues: (1) whether the conditions for his release should be terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this court. *Id*. at *4.

## II. January 2018 Status Conference

It is over three years later, and the question before the court is whether Mack should now be released unconditionally rather conditionally. The court held a status conference on January 19, 2018, and evidence presented to the court demonstrated Mack is doing quite well: he remains reunited with his wife; manages his finances responsibly; continues to

3

attend mental-health and substance-abuse treatment; and, of particular importance to the court, is taking his medication regularly. Altogether, the evidence presented to the court shows that Mack has achieved stability.

Under 18 U.S.C. § 4246(e), the court at any time may--after a hearing to determine whether a person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another--eliminate his regimen of medical, psychiatric, or psychological care or treatment and release him unconditionally. In 2014, the court placed Mack on conditional, rather than unconditional release (despite the finding of the psychiatrists at the Bureau of Prisons that his release met the § 4246(e) criteria), in order to provide him with support services integral to his well-being and long-term stability. Evidence presented at the January 19 status conference now shows that Mack has benefitted from the last three years of support. He can now manage his medications, mental-health and substance-abuse treatment,

finances, and personal affairs independent of court supervision.  These accomplishments, together with the Bureau of Prisons' recommendation from 2014 and the consensus of the government, probation, and defense counsel that Mack has recovered from his mental issues to the extent unconditional release would no longer create substantial risk of bodily injury to another person or serious damage to the property of another, compel the court to find the same.  The court therefore finds the conditions of § 4246(e) are met: Mack is not a danger to others or others' property.  Indeed, Mack has shown the court that he can live a stable, law-abiding life.

The only remaining issue is whether the case should be dismissed with or without prejudice.  Because the parties agree that the indictment against Mack should be dismissed with prejudice, the court does not reach the issue. *See* Fed. R. Crim. P. 48.

This day has been a long time coming, and the court commends United States Probation Officer Marcus Simmons, defense counsel Stephen Ganter, as well as the entire staff of the Federal Defender's Office, for their tremendous effort

and dedication to achieving the stability and well-being of Mack. Their efforts demonstrate the capacity of the legal system to have a positive impact on a person's life.

* * *

Because the court finds that his release would no longer create a substantial risk of bodily injury to another or serious damage to the property of another, and, in fact, that defendant Mardedeus Mack can maintain stability without court supervision, it is ORDERED that:

(1) Defendant Mardedeus Mack's term of conditional release is terminated and he is released and discharged unconditionally.

(2) The government's oral motion to dismiss the indictment with prejudice (doc. no. 157) is granted and the indictment against defendant Mack is dismissed with prejudice.

DONE, this the 29th day of January, 2018.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**